UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARION T.D. LEWIS,<br><br>                          Plaintiff,<br><br>-against-<br><br>THE GOVERNMENT OF ENGLAND AND THE UNITED KINGDOM and THE INSTITUTION OF THE BRITISH MONARCHY OR THE CROWN,<br><br>                          Defendants. | Case No. 1:22-cv-10792 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, a lawyer proceeding *pro se*, commenced this action on December 21, 2022, and filed an Amended Complaint on December 28, 2022. ECF No. 10 ("FAC"). The Amended Complaint alleges that Defendants, the "Government of England and the United Kingdom," and the "Institution of the British Monarchy or the Crown," by participating in the transatlantic slave trade centuries ago, have violated Plaintiff's rights under the United States Constitution. *See generally* FAC. On January 31, 2023, the Court denied Plaintiff's motion to certify a class in light of Plaintiff's *pro se* status. ECF No. 19. On March 22, 2023, Plaintiff filed a motion for a preliminary injunction, asking the Court to freeze $3 billion in assets of the British Monarchy, restrain Defendants from removing property that is currently in the United States, appoint a civil receiver, and impose an "anti-suit injunction." *See generally* ECF No. 22 ("Mot."). For the reasons set forth below, that motion is DENIED.

As an initial matter, Plaintiff contends that Defendants have been properly served under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608(a)(2) ("FSIA"), because pursuant to Article 3 of the Hague Convention, the summons and complaint were sent, via mail, to the Foreign Minister and Head of the Ministry of Foreign Affairs on January 26, 2023. ECF No. 23 ("Service Aff."). However, under Article 3 of the Hague Convention,

1

when pleadings are mailed to the "Central Authority of the State" in which the party to be served is located, that transmission is merely a "request" for service, and "[t]he document to be served or a copy thereof shall be annexed to the request." *See Kadmon Corp., LLC v. Ltd. Liab. Co. Oncon*, No. 22-cv-5271 (LJL), 2023 WL 2346340, at *5 (S.D.N.Y. Mar. 3, 2023) ("Article 3, for example, permits only authorities and judicial officers of the state where the documents originate to forward requests to the Central Authority of the country where the party is to be served."). Pursuant to Articles 4, 5, and 6 of the Convention, the Central Authority shall determine if the request complies with the Hague Convention, and then "shall itself serve the document . . . " on the defendant. Hague Convention, Art. 5. After serving the papers on the defendant, the Central Authority "shall complete a certificate in the form of the model annexed to the present Convention" and forward it back to the requesting party. *See* Hague Convention, Art. 6. Plaintiff admits that she has not received a response from the Central Authority. *See* Service Aff. at 7. Therefore, service upon Defendants does not appear to be complete under FSIA.

Nevertheless, the Court otherwise denies Plaintiff's request for a preliminary injunction because she has failed to establish that she is likely to suffer irreparable harm. To obtain preliminary injunctive relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

"Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 727 (S.D.N.Y. 2019). Therefore, a court need not address the remaining elements if a plaintiff has failed to show irreparable harm. *See Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 221 (S.D.N.Y. 2019).[1] To show irreparable harm, the movant must demonstrate an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." *Oliver v. N.Y. State Police*, 812 F. App'x 61, 62 (2d Cir. 2020) (quoting *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). Importantly, "[p]reliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs['s] rights[,]" and so a "[d]elay in seeking enforcement of those rights . . . tends to indicate . . . a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). "Irreparable harm is measured in terms of the harm arising during the interim between the request for an injunction and final disposition of the case on the merits." *Purgess v. Parauda*, No. 20-cv-2984 (RA), 2021 WL 2269540, at *3 (S.D.N.Y. June 3, 2021) (quoting *Jayaraj v. Scappini*, 66 F.3d 36, 40 (2d Cir. 1995)).

Plaintiff here has failed to show irreparable harm for purposes of a preliminary injunction. First, there has been considerable delay in seeking this drastic remedy; not only

---

[1] The Court notes that there are likely serious questions regarding whether Plaintiff can show a likelihood of success on the merits of her case, but need not address that issue in light of her failure to show irreparable harm. *See Giddings v. Oanda Corp.*, No. 21-cv-5251 (VSB), 2022 WL 2293371, at *2 (S.D.N.Y. June 24, 2022) (noting, without deciding, "serious questions" about merits of *pro se* party's claim at preliminary injunction stage).

did Plaintiff file this motion over three months after she filed her lawsuit, but the harm she seeks to remedy stems from a foreign sovereign's actions centuries ago. *See* Mot. Generally, "a court must consider a plaintiff's delay in seeking relief when analyzing whether the plaintiff will suffer irreparable harm in the absence of relief." *Coscarelli*, 364 F. Supp. 3d at 222 (internal citation and quotation marks omitted). Indeed, "delay, standing alone, may preclude the granting of preliminary injunctive relief because it suggests that there is, in fact, no irreparable injury." *Id.* In this District, "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998). Here, the passage of time alone suggests that there is no irreparable harm.

In addition, Plaintiff appears to primarily be seeking monetary damages, which are ordinarily insufficient to show irreparable harm. *See Giddings v. Oanda Corp.*, No. 21-cv-5251 (VSB), 2022 WL 2293371, at *2 (S.D.N.Y. June 24, 2022) (collecting cases) (concluding in *pro se* action that Plaintiff who alleged "financial harm" did not suffer irreparable injury). Plaintiff argues that, "[w]ithout a preliminary injunction which forces the Defendants to set aside $3 billion to satisfy the eventual judgment, the Defendants are very unlikely to ever provide the funds needed to re-establish the identities and origins of the Plaintiff . . . ." Mot. at 21. But monetary harm may only be "irreparable where there has been a showing of intent to frustrate any judgment on the merits." *Spin Master v. Aciper*, No. 19-cv-6949 (VSB), 2020 WL 6482878, at *4 (S.D.N.Y. Nov. 4, 2020) (internal citations omitted). Plaintiff has not made an adequate showing that Defendants, who Plaintiff contends own innumerable assets, "will frustrate final . . . relief by secreting or transferring funds." *Moose Toys Pty Ltd. v. Thriftway Hylan Blvd. Drug Corp.*, No. 15-cv-4483 (DLI) (MDG),

2015 WL 4772173, at *5 (E.D.N.Y. Aug. 6, 2015) (internal quotation marks and citations omitted).

Accordingly, Plaintiff's motion for a preliminary injunction is DENIED without prejudice to renew.

Dated: March 28, 2023
New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge