UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARION T.D. LEWIS,<br><br>        Plaintiff,<br><br>  -against-<br><br>THE GOVERNMENT OF ENGLAND AND THE UNITED KINGDOM and THE INSTITUTION OF THE BRITISH MONARCHY OR THE CROWN,<br><br>        Defendants. | Case No. 1:22-cv-10792 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff, a lawyer proceeding *pro se*, commenced this action on December 21, 2022, and filed an Amended Complaint on December 28, 2022. ECF No. 10 ("FAC"). On January 29, 2023, Plaintiff moved to certify a class. ECF No. 18. On January 31, 2023, the Court denied Plaintiff's motion on the grounds that a *pro se* plaintiff cannot "seek to represent the interests of third-parties." ECF No. 10 (quoting *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004)). The Court further noted that a *pro se* plaintiff cannot "adequately represent the interests of other class members as required under Federal Rule of Civil Procedure 23." *Id.* On March 30, 2023, Plaintiff filed a letter on the docket indicating that she had not received notice of the January 31, 2023 until March 28, 2023, and requested the Court reconsider its order denying the motion to certify a class. *See* ECF No. 27.

  "A motion for reconsideration is properly granted where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Schoolcraft v. City of New York*, 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013). This is a "strict" standard because a motion

1

for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal citations omitted); *see also Kassman v. KPMG LLP*, No. 11-cv-3743 (LGS), 2018 WL 6725306, at *1 (S.D.N.Y. Dec. 21, 2018). Whether or not to grant a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009). Finally, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Loc. Civ. R. 6.3.

As an initial matter, Plaintiff's motion was filed long after its deadline under Local Rule 6.3. Plaintiff contends that she did not receive notice of the January 31, 2023 Order until March 28, 2023. ECF No. 27 at 1. Plaintiff is an attorney barred in this Court, and has ECF and Pacer access, permitting her to electronically file and receive electronic notification of Court filings. Her contact information is listed on the docket as follows:

> Law Offices of Marion T.D. Lewis
> 12 Rue Jean Baptiste Potin
> Vanves
> France
> +33658710767
> Email: marionesq@yahoo.com

To the extent any of this information is no longer correct, Plaintiff must update her account on ECF and/or Pacer in order to receive electronic notifications of filings at the email address she has listed in her letter. If she has any questions related to this process, she should contact the **Attorneys Services Help Desk at 212-805-0800.**

Although untimely, the Court will consider the merits of Plaintiff's motion. Plaintiff argues that, as an attorney, she can represent a class *pro se* because she is willing to forego all

attorneys' fees related to the case. ECF No. 27 at 1. To be sure, a conflict of interest is a concern about permitting a *pro se* attorney to represent a class. *See* 5 James Wm. Moore et al., Moore's Federal Practice § 23.25 (3d ed. 2010) ("Moreover . . . an attorney may not bring a class action *pro se* because too close a relationship between the class representative and class counsel is a disqualifying conflict of interest."). However, waiving attorneys' fees does not entirely obviate this conflict of interest because Plaintiff would still be acting as both the class representative and class counsel. Other courts in this Circuit have concluded that a "[c]omplaint's class allegations cannot stand because . . . [a] pro se plaintiff, seeks to serve both as class representative and as class counsel." *Jaffe v. Cap. One Bank*, No. 09-cv-4106 (PGG), 2010 WL 691639, at *10 (S.D.N.Y. Mar. 1, 2010); *see Bank v. Hydra Grp., LLC*, No. 10-cv-1770 (JG) (VMS), 2013 WL 12340473, at *5 (E.D.N.Y. Aug. 6, 2013) (collecting cases). "The principle is based on the concepts that an attorney should not have a personal interest in the outcome of a litigation while a class representative must be personally invested in its outcome; these dual priorities cannot be reconciled in the same person." *Bank*, 2013 WL 12340473, at *5. The Court is not otherwise convinced that Plaintiff can adequately represent a class under the standards set forth in Federal Rule of Civil Procedure 23(a)(4).

Plaintiff has failed to meet the strict standard required for reconsideration, and has not pointed "to controlling decisions or data that the court overlooked . . . .'" *Schoolcraft*, 248 F. Supp. 3d at 508. Accordingly, Plaintiff's motion is DENIED.

Dated: April 5, 2023
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3